# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

HUSSEIN S. BERRY,  
JOELLE H. BERRY, and  
JENNA H. BERRY

      Plaintiffs,

v.

METROPOLITAN PHARMACY,  
INC., OUSAMA RAHAL,  
MIKE MASHHOUR, C.P.A., P.C., and  
MIKE MASHHOUR,

      Defendants.

Civil Action No. 14-cv-10851  
Hon. _____

Wayne County Circuit Court  
Case No. 14-002315-NZ

_____/

| | |
|---|---|
| Tarek M. Baydoun (P74551) | Matthew F. Leitman (P48999) |
| The Meridian Law Group | Scott A. Warheit (P71560) |
| 24513 Ford Road | Miller, Canfield, Paddock and Stone, P.L.C. |
| Dearborn, Michigan 48128 | 840 West Long Lake Road, Suite 200 |
| Telephone: (313) 288-8529 | Troy, Michigan 48098-6358 |
| tbaydoun@meridianlawcounselerss.com | Telephone: (248) 267-3294 |
| *Counsel for Plaintiffs* | leitman@millercanfield.com |
| | warheit@millercanfield.com |
| | *Counsel for Defendants Mike Mashhour,* |
| | *C.P.A., P.C. and Mike Mashhour* |

_____/

## DEFENDANTS MIKE MASHHOUR, C.P.A., P.C.
## AND MIKE MASHHOUR'S
## NOTICE OF REMOVAL

TO:   The Honorable Judges of the United States District Court,
      Eastern District of Michigan, Southern Division

      Tarek M. Baydoun (P74551)
      The Meridian Law Group
      *Counsel for Plaintiffs*

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Mike Mashhour, C.P.A., P.C. (incorrectly named in the Summons and Complaint as "Mike Mashour, C.P.A., P.C.") and Mike Mashhour (incorrectly named in the Summons and Complaint as "Mike Mashour") (collectively, the "Mashhour Defendants"), through undersigned counsel, give notice of removal of this action, Wayne County Circuit Court, Case Number 14-002315-NZ, to the United States District Court for the Eastern District of Michigan, Southern Division, and state as follows:

1.    Plaintiff Hussein S. Berry, individually and as next friend to minors Joelle H. Berry and Jenna H. Berry (collectively, "Plaintiff"), filed a Complaint against the Mashhour Defendants, Metropolitan Pharmacy, Inc. ("Metropolitan"), and Ousama Rahal ("Rahal") on February 24, 2014 in the Wayne County Circuit Court, Case Number 14-002315-NZ (the "State Court Action"). Plaintiff served the Mashhour Defendants with copies of a Summons and the Complaint in the State Court Action on February 24, 2014. Copies of the Summonses and Complaint in the State Court Action are attached hereto as <u>Exhibit A</u>.

2.     Removal is proper because, as explained below, the State Court Action "originally could have been filed in federal court" on the basis of this Court's federal-question jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

3.     This Court has federal-question jurisdiction because Plaintiff's Complaint asserts a claim for violation of federal law.  Specifically, the Complaint brings a "RICO Claim Against All Defendants."  (*See Compl.* at ¶¶24-30.)   Although the Complaint does not specifically provide that this claim arises under the federal RICO statute, it can only arise under that statute.  While Michigan has a RICO statute, "except as expressly provided," that statute "does not create a civil cause of action between 2 or more persons."  MCL 750.159u.  *See also Gayle v. Arbor Mortgage Corporation*, 2012 WL 7259709 at *4 (E.D. Mich. Dec. 12, 2012), *adopted by* 2013 WL 686987 (E.D. Mich. Feb. 26, 2013) (recognizing that Michigan's RICO statute does "not create a private cause of action").  Plaintiff's claims against all Defendants are not "expressly provided" for under Michigan's RICO statute.  Thus, Plaintiff's "RICO claim" must arise under the federal RICO statute.

4.     All other procedural requirements for removal have been met. Specifically:

a. The State Court Action is removable to the United States District

Court for the Eastern District of Michigan because this district "embrac[es]" Wayne County, Michigan, the county in which the State Court Action was filed.  28 U.S.C. § 1441(a).

b.  This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days after the Mashhour Defendants' receipt of the Complaint in the State Court Action.

c.  A true and correct copy of this Notice has been sent to the Clerk of the Wayne County Circuit Court for filing as provided by law and is concurrently being served on Plaintiff.

d.  Pursuant to 28 U.S.C. § 1446(a), attached hereto as <u>Exhibit A</u> are copies of all "process, pleadings, and orders" thus far filed in the State Court Action.

5.    Co-Defendants Rahal and Metropolitan have not yet been served with the Summons and Complaint, and thus their consent to removal is not required at this time.  Nonetheless, undersigned counsel spoke with counsel for Rahal and Metropolitan, attorney George Donnini from the Butzel Long law firm, and Mr. Donnini indicated that Rahal and Metropolitan consent to removal and will file a written consent with this Court when and if they are served with the Summons and Complaint.  Mr. Donnini authorized undersigned counsel to communicate his clients' consent to this Court.

6.     All procedural requirements for removal therefore have been met, and removal is proper.

7.     If any questions arise as to the adequacy or propriety of the removal of this action, the Mashhour Defendants respectfully request the opportunity to supplement the evidence in support of removal and/or to brief any disputed issues.

8.     This Court has federal-question jurisdiction over Plaintiff's State Court Action, and all procedural requirements for removal have been met.   The Mashhour Defendants therefore hereby give notice of removal of the State Court Action to this Court, and respectfully request that all further proceedings be held in this Court.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:   s/Matthew F. Leitman
          Matthew F. Leitman (P48999)
          Scott A. Warheit (P71560)
          Miller, Canfield, Paddock and Stone, P.L.C.
          840 West Long Lake Road, Suite 200
          Troy, Michigan  48098-6358
          Telephone: (248) 267-3294
          leitman@millercanfield.com
          warheit@millercanfield.com
          *Counsel for Defendants Mike Mashhour, C.P.A., P.C. and Mike Mashhour*

February 25, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2014, I electronically filed **Defendants Mike Mashhour, C.P.A., P.C. and Mike Mashhour's Notice of Removal** with the United States District Court Clerk of the court using the ECF system.

I also mailed by United States Postal Service the foregoing document to the following non-ECF participants:

Tarek M. Baydoun (P74551)
The Meridian Law Group
24513 Ford Road
Dearborn, Michigan 48128

By:   s/Matthew F. Leitman
      Matthew F. Leitman (P48999)
      Miller, Canfield, Paddock and Stone, P.L.C.
      840 West Long Lake Road, Suite 200
      Troy, Michigan  48098-6358
      Telephone: (248) 267-3294
      E-mail: leitman@millercanfield.com

Dated: February 25, 2014

# Exhibit A

To Defendants Mike Mashhour, C.P.A., P.C. and Mike
Mashhour's Notice of Removal

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND<br>RETURN OF SERVICE | CASE NO.<br>14-002315-NZ |
|---|---|---|

2 Woodward Ave., Detroit MI 48226 — Court Telephone No. 313-224-5225

THIS CASE IS ASSIGNED TO JUDGE        Kathleen Macdonald        Bar Number: 38029

| Plaintiff<br>Berry, Hussein S. | v | Defendant<br>Mashour, Mike |
|---|---|---|
| Plaintiff's Attorney<br>Tarek Mahmoud Baydoun, P-74551<br>14650 W Warren Ave Ste 309<br>Dearborn, MI 48126-1782 | | Defendant's Attorney |

| CASE FILING FEE | JURY FEE |
|---|---|
| [X]  Case Filing Fee - $150.00 | [ ]  Jury Fee - $85.00 |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 2/24/2014 | 5/26/2014 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date.        CATHY M. GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:**  In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X   There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

__   A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

__   There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__   An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
|  |  |  |

The action   [ ] remains   [ ] is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

2/24/2014
Date

Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES.  EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND<br>RETURN OF SERVICE | CASE NO.<br>14-002315-NZ |
|---|---|---|
| 2 Woodward Ave., Detroit MI 48226 | | Court Telephone No. 313-224-5225 |

| THIS CASE IS ASSIGNED TO JUDGE    Kathleen Macdonald    Bar Number: 38029 |
|---|

| Plaintiff<br>Berry, Hussein S. | v | Defendant<br>Mike Mashour, C.P.A., P.C. |
|---|---|---|
| Plaintiff's Attorney<br>Tarek Mahmoud Baydoun, P-74551<br>14650 W Warren Ave Ste 309<br>Dearborn, MI 48126-1782 | | Defendant's Attorney |

| CASE FILING FEE | JURY FEE |
|---|---|
| [X] Case Filing Fee - $150.00 | [ ] Jury Fee - $85.00 |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 2/24/2014 | 5/26/2014 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date.     CATHY M. GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X    There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

__    A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

__    There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__    An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
| | | |

The action [ ] remains   [ ] is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

_2/24/2014_____          _____
Date                                               Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

STATE OF MICHIGAN

IN THE WAYNE COUNTY CIRCUIT COURT

HUSSEIN S. BERRY, an Individual
and as Next of Friend to:
JOELLE H. BERRY, a Minor Individual, and
JENNA H. BERRY, a Minor Individual,

       Plaintiffs,

vs.

Case No. 14-
Hon.

-NZ14-002315-NZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
2/24/2014 8:31:50 AM
CATHY M. GARRETT

METROPOLITAN PHARMACY, INC a
Michigan Corporation, OUSAMA RAHAL, an individual
MIKE MASHOUR, C.P.A., P.C.,
a Michigan Domestic Professional Services Organization, and
MIKE MASHOUR, an Individual,
jointly and severally.

       Defendants.

_____/

THE MERIDIAN LAW GROUP
By: Tarek M. Baydoun (P74551)
Attorney for Plaintiffs
24513 Ford Rd.
Dearborn, MI 48128
(313) 288-8529
(866) 308-1217 fax
tbaydoun@meridianlawcounselors.com

_____/

       There is no other Civil Action arising out of the same
transaction or occurrence as alleged in this Complaint pending
in this Court, nor has any such action been previously filed and
dismissed after having been assigned to a Judge.

## JURISDICTION AND VENUE

1. This is a civil action for Negligence, Breach of Fiduciary Duty,

   Fraudulent Misrepresentation and other claims and a violation of the

   Identify Theft Protection Act of 2004.

1

2. The Plaintiff, HUSSEIN S. BERRY ("Berry"), is an individual residing in the City of Dearborn, County of Wayne, State of Michigan and is acting as Next of Friend to his minor daughters JOELLE H. BERRY and JENNA H. BERRY.

3. Defendant one, METROPOLITAN PHARMACY ("Metro"), is a Michigan Corporation, owned by Defendant two, OUSAMA RAHAL, with its principle place of business in the Charter Township of Redford, County of Wayne, State of Michigan and a registered office located at 26380 Plymouth Rd, Charter Township of Redford, MI 48239.

4. Defendant two, OUSAMA RAHAL ("Rahal"), is a Pharmacist residing in the County of Wayne, State of Michigan with a registered office located at 26380 Plymouth Rd, Charter Township of Redford, MI 48239.

5. Defendant three, MIKE MASHOUR, C.P.A., P.C ("Mashour C.P.A") is a Michigan Domestic Professional Services Organization, owned by Defendant three, MIKE MASHOUR with a registered office located at 24530 Ford Road, City of Dearborn Heights, MI 48127.

6. Defendant four, MIKE MASHOUR ("Mike"), is a Certified Public Accountant residing in the County of Wayne, State of Michigan with a registered office located at 24530 Ford Road, City of Dearborn Heights, MI 48127.

7. The amount in controversy exceeds $25,000, exclusive of interest, costs, and attorney fees.

8. Plaintiff and Defendants reside and do business in Wayne County, therefore, this Court has proper jurisdiction.

## BACKGROUND FACTS

9. Plaintiff incorporates by reference all other paragraphs to this Complaint, as if fully set herein.

10. The originating incident described herein occurred on July 09, 2009.

11. The incident described herein was discovered by Berry on February 06, 2012.

12. Plaintiff is disabled and was receiving Social Security Disability for himself and his two daughters.

13. Due to his disability, Plaintiff was unable to work and unemployed.

14. Plaintiff's Disability Benefits were calculated based on his inability to work; any changes to his employment status would result in the revocation of his and his daughters' benefits.

15. Upon information and belief that Defendant Metro was also a client of Defendants Mike and Mashour CPA.

16. A work activity report for those who file taxes and are self-employed was completed and signed on his, Plaintiff's behalf but without his knowledge and permission. The handwriting and the signature, compared with Berry's handwriting, indicate that they were forged.

17. Berry retained Mike as his CPA Prior to 7/06/2009, creating a fiduciary relationship.

18. According to his passport Berry was not in the United States on 7/06/09

19. On said date of 7/06/09 paperwork was filed by Defendants Rahal and Metro which provided personal information such as Berry's social security number, indicating that Berry was an employee.

20. Berry had never heard of nor has he ever stepped foot into the business of Metro.

21. On July 2, 2011 Berry received notice that his social security benefits that he receives for himself and his daughters would cease.

22. On February 06, 2012 while Berry was in the process of having/scheduling a hearing regarding why his aid was cut off he became fully aware that the reason stated was that paperwork was filed acknowledging him as an employee at metro.

23. Since the paperwork indicated that he was working and earning a wage his benefits were severed per the permanent disability requirements.

## COUNT I- RICO CLAIM AGAINST ALL DEFENDANTS

24. Plaintiff incorporates by reference all other paragraphs to this Complaint, as if fully set herein.

25. Defendants, through predicate acts which include soliciting and fraudulently forging false tax documents in order to receive illegal tax benefits, formed a pattern of racketeering activity.

26. Defendants predicate acts include acts relating to fraud and related activity in connection with identification documents.

27. Defendants displayed a pattern of racketeering activity by filing false tax forms and using identification documents without the plaintiff's permission. Both racketeering activities were within ten years of each other.

28. There exists a nexus between the racketeering activity and the defendants' participation in the enterprise's management of both the accounting firm, and the pharmacy.

29. A RICO enterprise exists since there are two business entities, one being Metro, and the other Mashour C.P.A.

30. Mike and Rahal are both persons who are entities capable of holding a legal or beneficial interest in property.

## COUNT II-FRAUDULENT / INNOCENT / AND/OR NEGLIGENT

## MISREPRESENTATION AGAINST MIKE

31.  Plaintiff incorporates by reference all other paragraphs to this Complaint, as if fully set herein.

32.  Defendant intentionally made false representations of material facts to Plaintiff as set forth in the preceding paragraphs. Mike agreed to work on Berry's personal files to his benefit, as his agent and fiduciary, and to withhold all confidential information. Mike exposed and filed information falsely and illegally that resulted in the production and filing of illegitimate W2's the showed that Berry was working for Metro.

33.  Defendant's representations were false when they were made or made recklessly, with actual and/or imputed knowledge of their falsity. Mike gave the necessary resources to create the W2 showing that Berry was an employee of Metro, knowing that he was not employed since he was his accountant. Berry had no knowledge or part in this fraud. This was an obvious illegal intentional attempt to produce a tax benefit to Rahal and Metro and a business benefit to Mike and Mashour CPA.

34.  The Defendants made the representations with the intention of inducing the plaintiff's reliance. The Defendants, acting in concert and conspiracy, induced Berry by promising to abide by rules of confidentiality and his fiduciary duty as a licensed professional to look out for Berry's best interest.

35.  The plaintiff acted in reliance on the representations made by Defendants. If Berry knew that his information shared with Mike would be to another's benefit and to his detriment by causing him to lose benefits for himself and his daughters he would not have retained his services. The existence of reliance is not whether the misrepresentation was

the sole influence on the complaining party, but whether the misrepresentation exerted a material influence on the mind of the plaintiff. Black, 412 Mich at 121;Callihan v Talkowski, 372 Mich 1, 6, 124 NW2d 788 (1963); Garrity v Mac Valves, Inc, No 231170, 2003 Mich App LEXIS 1098, at *13 (May 8, 2003) (unpublished). This is so even though the misrepresentation might be only one of several motives that together produced the result. Callihan, 372 Mich at 6.

36. As a result of Defendant's fraudulent misrepresentations, Plaintiff has suffered substantial damage by permanently losing his disability benefits for himself and his daughters, and owing benefit repayments.

37. The limitations period for an action for fraud or misrepresentation is six years. MCL 600.5813. Berry only became aware of the actions of the Defendants when he was in contact with the Social Security Administration on February 06, 2013.

## COUNT III- FORGERY AGAINST DEFENDANTS MIKE AND MASHOUR CPA

38. Plaintiff incorporates by reference all other paragraphs to this Complaint, as if fully set herein.

39. The document in question, W2, was falsely made in that Berry never worked nor stepped foot in the pharmacy, and was on permanent disability.

40. Berry was out of the country when the W2 was created and signed

41. Mike and Mashour CPA falsely, fraudulently and intentionally prepared this document.

42. Forgery includes any act which falsely makes an instrument appear to be what it is not.

43. Mike, a licensed CPA, acting in for the benefit of himself and acting in concert with all of the other Defendants, created a W2 on behalf of the Plaintiff who could not work because he was on permanent disability. Berry did not ask for or give permission for such

a document to be created. The clear intent of the Defendants was to create a document to give appearance that Berry was working for Metro when he was not.

44. When the Defendants did this, they intended to defraud or cheat someone. By helping to create this false document Mike, acting in Concert with and for the benefit of the other Defendants, intended to cheat the state out of tax dollars and/or Berry out of his disability money as well as Berry's confidentiality service agreement.

## COUNT IV-ACCOUNTANT MALPRACTICE AGAINST DEFENDANTS MIKE AND MASHOUR CPA

45. Plaintiff incorporates by reference all other paragraphs to this Complaint, as if fully set herein.

46. Mike is a certified public accountant, licensed by the State of Michigan, doing business through Mashour CPA, holding themselves out to the public and Berry as a skilled and competent practitioner in the field of accounting

47. Mike and Mashour CPA were responsible for preparing Berry's taxes prior to the 2009 filing of employment paperwork by Rahal and Metro.

48. There was a breach of the standard of practice by the accountant Defendants Mike and Mashour CPA. Mike and Mashour CPA owed Berry a duty to provide services with the degree of care, skill, and competence that would be exercised by an accountant of ordinary learning, judgment, and skill under similar circumstances. Mike and Mashour CPA breached their duties to keep Berry's information confidential. Mike and Mashour CPA also breached their fiduciary duty to work for the best interest of Berry, by filing the fraudulent W-2, disclosing confidential information, and failing to remedy the false

filing after Berry demanded the same . As a result, Berry suffered ongoing injury when these actions and others caused Berry's benefits to be discontinued.

49. The breach was the proximate cause of an injury. If Mike had held and kept Berry's personal information confidential, a false W2 would not have been created and Berry's benefits would not have been discontinued.

50. As a result of Mike's malpractice, Berry has suffered substantial damage by losing his disability benefits for himself and his daughters.

## COUNT V-BREACH OF FIDUCIARY DUTY AGAINST MIKE

51. Plaintiff incorporates by reference all other paragraphs to this Complaint, as if fully set herein.

52. At all times relevant to this claim, Mike was the CPA for Berry and in that capacity had a fiduciary relationship with Plaintiff.

53. For the referenced time, Mike was the CPA for Berry

54. During the time that Berry had retained Mike's services his personal information was not kept confidential and was presented to another party.

55. Based on mikes representation of Berry's personal information a W2 was created that resulted in the loss of Berry's disability benefits.

56. As an officer of Berry, Mike owed a fiduciary duty to Berry not to provide his confidential information to another for personal gain at the expense of Berry, as well as to look out for Berry's best interest.

57. By virtue of his conduct described above, Defendant acted in his own self-interest, which was in conflict with the interests of Plaintiff

58. Defendant's conduct constitutes a breach of his fiduciary duty to Plaintiff.

59. In securing the opportunity to provide Berry's personal information to Metro for their own gain, Defendant wrongfully used plaintiff's personal information.

60. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages

## COUNT VI-NEGLIGENCE AGAINST ALL DEFENDANTS

61. Plaintiff incorporates by reference all other paragraphs to this Complaint, as if fully set herein.

62. Mike and Mashour CPA were retained by Berry to be his CPA and was been given all necessary paperwork and information in order to complete the services that he has been retained for.

63. A negligence action may be maintained only if a legal duty exists that requires the Defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm. Graves v Warner Bros, 253 Mich App 486, 492, 656 NW2d 195 (2002)

64. Mike had a duty, or obligation, recognized by the law, requiring Mike to conform to a certain standard of conduct as described *supra*, for the protection of others against unreasonable risks. This duty is apparent from his fiduciary duty as Berry's CPA. Mike and Mashour CPA had the duty to work towards Berry's best interest as well as to keep his personal information confidential.

65. Under the provided circumstances a reasonable person or a reasonable practicing CPA would foresee possible harm or injury to their client if they provided their personal information and did not work towards their best interest.

66. Mike and Mashour CPA's conduct fell short of the required standard of care, breaching the duty of care.

67. Defendants negligently breached their duties to Plaintiff, including but not limited to the following ways:

    a.   Sharing confidential information of Berry with another

    b.   Outcome of his actions worked to the detriment of Berry, not the required benefit. Mike and Mashour CPA owed Berry a duty to work to his utmost benefit.

    c.   All of the Defendants collaborated in a scheme to defraud the government and the Plaintiff.

68. Mike's actions were the proximate cause of Berry's injuries. But for the illegal, intentional, fraudulent and/or reckless actions of the Defendants, a false W2 would not have been created and therefore Berry's benefits would not have been lost.

69. Legal cause, or proximate cause, normally involves examining the foreseeability of consequences and whether a Defendant should be held legally responsible for such consequences. Skinner v Square D Co, 445 Mich 153, 163, 516 NW2d 475 (1994)

70. The connection between the wrongful conduct and the injury is of such a nature that it is socially and economically desirable to hold the wrongdoer liable.

71. The tortfeasor Defendants, acting in concert, are jointly and severally liable for all injuries resulting directly from their acts, because the consequences of the Defendants' illegal and wrongful actions were foreseeable.

72. Plaintiff sustained serious and permanent injuries as a result of the breach of duties by Defendant, including the following:

    a.   Past and future lost benefits for himself

b. Past and future lost wages for his daughters

c. Pain and suffering

d. Other miscellaneous damages

## COUNT VII-BREACH OF CONTRACT AGAINST MIKE AND MASHOUR CPA

73. Plaintiff incorporates by reference all other paragraphs to this Complaint, as if fully set herein.

74. Defendants entered into an actual and/or implied contract with Berry to prepare Berry's taxesand provide other services.

75. Defendants offered services of preparing and filing taxes and other consulting and reparation services as a CPA to Berry.

76. Consideration for the services provided includes payment for the services rendered.

77. Defendants breached the contract by improperly, illegally and fraudulently preparing and submitting false tax forms.

78. Defendants breached the contract by, amog other actions exposing Berry'spersonal information and as described *supra*, preparing and submitting fraudulent and forged documents and conspiring with the other Defendants to this effect.

As a result of the breach, Berry has l has suffered the damages described *supra*.

## COUNT VIII-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS- ALL DEFENDANTS

79. Plaintiff incorporates by reference all other paragraphs to this Complaint, as if fully set herein.

80. Defendants' actions resulted in the termination of his benefits. Such an action constitutes negligence as well as other torts indicated in the counts throughout this Complaint.

81. Defendants' negligence was the proximate cause of the injury because but for the actions described *supra,* the injuries would not have occurred.

82. Berry has dealt with and has been exposed to extremely stressful situations as a result of this injury. He has struggled financially and has a hard time providing for himself and his daughters. It has caused him to think daily about how he is going to provide the daily necessary essentials as well as other living essentials, causing him severe emotional distress.

83. The events described above would naturally and probably result in emotional distress.

84. The events described above caused severe emotional distress to Plaintiff.

85. The emotional distress suffered by Plaintiff physically manifested itself in symptoms including, but not limited to:
    a. Shaking hands;

    b. Sleeplessness

    c. Increased anxiety;

    d. Headaches;

    e. Nightmares;

    f. Cold sweats;

    g. Loss of appetite;

    h. Dizziness; and

    i.   Such other injuries and physical manifestations as may appear during the course of discovery and trial in this matter.

## COUNT XI-FORGERYAGAINST DEFENDANTS METRO AND RAHAL

86. Plaintiff incorporates by reference all other paragraphs to this Complaint, as if fully set herein.

87. The document in question, W2, was falsely made by Metro and Rahal, acting in concert and conspiracy with the other Defendants.

88. Berry was outside of country when the W2 was created and signed **SEE EXHIBIT A**

89. The signature on the documents is forged in that it does not match Berry's signature **SEE EXHIBIT B**

90. Metro and Rahal falsely prepared this document. Forgery includes any act which falsely makes an instrument appear what it is not. Metro, a licensed Pharmacy, influenced a W2 for someone who could not work because they were on permanent disability. Berry did not ask or give permission for such a document to be created. The purpose was to create a document to give appearance that Berry was working when he was not.

91. When the Metro did this, they intended to defraud or cheat Berry and the government. By helping to create this false document, Defendants intended to cheat the state out of tax dollars and/or Berry out of his disability money as well as Berry's confidentiality service agreement.

## COUNT X-CIVIL CONSPIRACY AGAINST ALL DEFENDANTS

92. Plaintiff incorporates by reference all other paragraphs to this Complaint, as if fully set herein.

93. Defendants illegally, maliciously, and wrongfully conspired with one another with the intent to and for the illegal purpose of fraudulently creating and forging documents that created the impression that Berry was working at Metro.

94. Defendants, in combination, conspired to create the impression that Berry was working at Metro by producing W2's.

95. This conspiracy resulted in the illegal, unlawful, or tortious activity of fraud and forgery, as well as other activity referenced in the counts above.

96. As a result of the conspiracy and Defendants' illegal, wrongful, or tortious acts, Plaintiff sustained the following damages:

  a. Past and future lost benefits for himself

  b. Past and future lost wages for his daughters

  c. Pain and suffering

  d. Other miscellaneous damages

97. Defendants are jointly, severally and/or alternatively liable to Plaintiff for all of his injuries and damages.

WHEREFORE, Plaintiff respectfully requests that this honorable Court enter a Judgment against Defendants and in favor of the Plaintiff, awarding Plaintiff compensatory damages that will fully and fairly compensate him for his injuries, losses, and damages, in excess of $555,331.50,000, plus costs, interest, attorney fees, and other relief that is fair, just, and equitable under the circumstances.

Respectfully submitted,

THE MERIDIAN LAW GROUP

/s/Tarek M. Baydoun

Tarek M. Baydoun (P74551)
Attorney for Plaintiffs
24513 Ford Rd.
Dearborn, MI 48128
(313) 288-8529
(866) 308-1217 fax
tbaydoun@meridianlawcounselors.com

Dated: February 21, 2014

EXHIBIT A

The Secretary of State of the United States of America
hereby requests all whom it may concern to permit the citizen/national
of the United States named herein to pass without delay or hindrance
and in case of need to give all lawful aid and protection.

Le Secrétaire d'État des États-Unis d'Amérique
prie par les présentes toutes autorités compétentes de laisser passer le citoyen
ou ressortissant des États-Unis titulaire du présent passeport, sans délai ni
difficulté et, en cas de besoin, de lui accorder toute aide et protection légitimes.

El Secretario de Estado de los Estados Unidos de América por el presente solicita a las
autoridades competentes permitir el paso del ciudadano o nacional de los Estados Unidos
aquí nombrado, sin demora ni dificultades, y en caso de necesidad, prestarle toda la
ayuda y protección lícitas.

SIGNATURE OF BEARER/SIGNATURE DU TITULAIRE/FIRMA DEL TITULAR

**NOT VALID UNTIL SIGNED**





UNITED STATES OF AMERICA

Type / Type / Tipo    Code / Code / Código    Passport No. / No. du Passeport / No. de Pasaporte
P                     USA

Surname / Nom / Apellidos
BERRY

Given names / Prénoms / Nombres
HUSSEN SAM

Nationality / Nationalité / Nacionalidad
UNITED STATES OF AMERICA

Date of birth / Date de naissance / Fecha de nacimiento
-Redacted-

Sex / Sexe / Sexo    Place of birth / Lieu de naissance / Lugar de nacimiento
M                    MICHIGAN, U.S.A.

Date of issue / Date de délivrance / Fecha de expedición    Authority / Autorité / Autoridad
03 Feb 2005                                                 Chicago

Date of expiration / Date d'expiration / Fecha de caducidad    Passport Agency
02 Feb 2015

Amendments / Modifications / Enmiendas
See Page 24

P<USABERRY<<HUSSEN<SAM<<<<<<<<<<<<<<<<<<<<<<
0283696200USA7002036M1502028<<<<<<<<<<<<<<08



# EXHIBIT B

**COPY OF DOCUMENT WITH BERRY'S TRUE SIGNATURE**

*The Secretary of State of the United States of America
hereby requests all whom it may concern to permit the citizen/national
of the United States named herein to pass without delay or hindrance
and in case of need to give all lawful aid and protection.*

*Le Secrétaire d'État des États-Unis d'Amérique
prie par les présentes toutes autorités compétentes de laisser passer le citoyen
ou ressortissant des États-Unis titulaire du présent passeport, sans délai ni
difficulté et, en cas de besoin, de lui accorder toute aide et protection légitimes.*

*El Secretario de Estado de los Estados Unidos de América por el presente solicita a las
autoridades competentes permitir el paso del ciudadano o nacional de los Estados Unidos
aquí nombrado, sin demora ni dificultades, y en caso de necesidad, prestarle toda la
ayuda y protección lícitas.*

SIGNATURE OF BEARER/SIGNATURE DU TITULAIRE/FIRMA DEL TITULAR

NOT VALID UNTIL SIGNED



**UNITED STATES OF AMERICA**

Passport / Passeport / Pasaporte       Type / Type / Tipo    Code / Code / Código    Passport No. / No. du Passeport / No. de Pasaporte
P
USA
Surname / Nom / Apellidos
**BERRY**
Given names / Prénoms / Nombres
**HUSSEN SAM**
Nationality / Nationalité / Nacionalidad
**UNITED STATES OF AMERICA**
Date of birth / Date de naissance / Fecha de nacimiento
**-Redacted-**
Sex / Sexe / Sexo    Place of birth / Lieu de naissance / Lugar de nacimiento
**M            MICHIGAN, U.S.A.**
Date of issue / Date de délivrance / Fecha de expedición    Authority / Autorité / Autoridad
**03 Feb 2005            Chicago**
Date of expiration / Date d'expiration / Fecha de caducidad    **Passport Agency**
**02 Feb 2015**
Amendments / Modifications / Enmiendas
**See Page 24**

P<USABERRY<<HUSSEN<SAM<<<<<<<<<<<<<<<<<<<<<<<
0285696200USA7002036M1502028<<<<<<<<<<<<<08

COPY OF DOCUMENT WITH BERRY'S PLAGARIZED SIGNATURE

Claim Number: -Redacted- A          Social Security Number: -Redacted-
Employer: METROPOLITAN PHARMACY INC          Workers Name: HUSSEN S BERRY

Beginning Date of Employment: 1/10/09 Ending Date of Employment: 12/24/09

Year: 2009 Total Yearly Earnings Posted $15,628.00

If the amount of wages for each month is the same, enter the monthly amount here: $ _____

| | | | |
|---|---|---|---|
| [X] January $ 997 | [X] April $ 1036 | [X] July $ 1098 | [X] October $ 1631 |
| [X] February 948 | [X] May 1036 | [X] August 1006 | [X] November 1586 |
| [X] March 1012 | [X] June 1036 | [X] September 1091 | [X] December 3151 |

Year: 2010 Total Yearly Earnings Posted $0.00

If the amount of wages for each month is the same, enter the monthly amount here: $ _____

| | | | |
|---|---|---|---|
| [X] January $ 0 | [X] April $ 0 | [X] July $ 0 | [ ] October $ _____ |
| [X] February 0 | [X] May 0 | [X] August 0 | [ ] November _____ |
| [X] March 0 | [X] June 0 | [X] September 0 | [ ] December _____ |

Year: _____ Total Yearly Earnings Posted _____

If the amount of wages for each month is the same, enter the monthly amount here: $ _____

| | | | |
|---|---|---|---|
| [ ] January $ _____ | [ ] April $ _____ | [ ] July $ _____ | [ ] October $ _____ |
| [ ] February _____ | [ ] May _____ | [ ] August _____ | [ ] November _____ |
| [ ] March _____ | [ ] June _____ | [ ] September _____ | [ ] December _____ |

Year: _____ Total Yearly Earnings Posted _____

If the amount of wages for each month is the same, enter the monthly amount here: $ _____

| | | | |
|---|---|---|---|
| [ ] January $ _____ | [ ] April $ _____ | [ ] July $ _____ | [ ] October $ _____ |
| [ ] February _____ | [ ] May _____ | [ ] August _____ | [ ] November _____ |
| [ ] March _____ | [ ] June _____ | [ ] September _____ | [ ] December _____ |

I declare under penalty of perjury that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge.

| EMPLOYER Metropolitan Pharmacy, Inc. | AREA CODE AND TELEPHONE NO. 313-937-1100 |
|---|---|
| SIGNATURE | TITLE President | DATE 12-7-10 |

Form SSA-L725 (06-2003) EF (08-2003)

10/3

Page 3 of 3

**Claim Number:** -Redacted- A

**Work and Earning Summary**

The following information is being provided to assist you in completing the enclosed Work Activity Report. It shows any employers and yearly earnings we currently have for you on record.

Earnings information is not available for work you did this year and will likely not be shown for any work you did last year. If you have worked any other places not shown on the enclosed Work Activity Report, please provide information on a separate piece of paper.

| Employer | Year | Yearly Earnings |
|---|---|---|
| METROPOLITAN PHARMACY INC | 2009 | $15,628.00 |

Enclosures:
SSA Pub No. 05-10095
Pre-addressed Envelope

Form **SSA-821-BK** (03-2001)
EF (03-2001)

Form Approved
OMB No. 0960-0038

SOCIAL SECURITY ADMINISTRATION

## WORK ACTIVITY REPORT - (Self Employed Person)

| Name of Disabled Person | ☐ Blind | Social Security Number |
|---|---|---|
| HUSSEN S BERRY | ☒ Not Blind | -Redacted- |

| Name of W/E (if other than the disabled person) | Social Security Number |
|---|---|

### PAPERWORK/PRIVACY ACT NOTICE

The information requested on this form is authorized by Section 223 and Section 1872 of the Social Security Act. The information provided will be used in making a decision on your claim. While completion of this form is voluntary, failure to provide all or part of the requested information could prevent an accurate and timely decision on your claim and could result in the loss of benefits. Information you furnish on this form may be disclosed by the Social Security Administration to another person or government agency only with respect to Social Security programs and to comply with Federal law requiring the exchange of information between Social Security and another agency. We may also use the information you give us when we match records by computer. Matching programs compare our records with those of other Federal, State, or local government agencies. Many agencies may use matching programs to find or prove that a person qualifies for benefits paid by the Federal government. The law allows us to do this even if you do not agree to it.

Explanations about these and other reasons why the information you provide us may be used or given out are available in Social Security Offices. If you want to learn more about this, contact any Social Security Office.

PAPERWORK REDUCTION ACT: This information collection meets the clearance requirements of 44 U.S.C. 3507, as amended by Section 2 of the Paperwork Reduction Act of 1995. You are not required to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take you about 30 minutes to read the instructions, gather the necessary facts, and answer the questions.

| Please use this form to describe your work activity since (Date disability began or, if later, date of prior investigation) | 1. Date *(to be entered by SSA)*  11/2008 |
|---|---|

### ANSWER EACH QUESTION AS FULLY AS POSSIBLE

**2.**

A. List name and address of business (include ZIP code)

N/A

B. Please Check if  ☐ Farm  ☒ Non-Farm

C. Briefly indicate the primary product or service
RETAIL PHARMACY

**3.**

A. Describe the business in terms of arrangement and/or ownership (Check one) VARIES

☐ Sole Owner   ☐ Partnership   ☐ Farm Tenant   ☐ Farm Landlord

B. Give your monthly self-employment income since the above date (average if not sure)

| Month | Year | Gross | Net | Month | Year | Gross | Net | Month | Year | Gross | Net |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| Month | Year | Gross | Net | Month | Year | Gross | Net | Month | Year | Gross | Net |
| | | | | | | | | | | | |

C. List any months in which you earned more than $200.00 or worked more than 40 hours in your business since the date shown in item 1.

**4.**

A. Describe *(briefly)* what you did in the business in terms of management decision, responsibilities, hours, production, and services before your illness or injury.

B. Was this business your sole livelihood prior to your illness or injury?   ☐ Yes   ☒ No

**5.**

Please describe your present work activities and any changes in your business because of your illness or injury. Explain such things as reduced hours of business, lower volume, fewer acres under cultivation or other. If you use extra help, write "extra help" here and provide the details when you get to item 9.

HELPER / BAGGER / FILL-IN LIGHT DUTIES.

Form SSA-820-F4 (2-1991)  EF (12-2001)          1          If you need more space for any answer, use page 8

**3.** TELL US ABOUT YOUR WORK SINCE THE DATE IN ITEM 1 OF PART 1 ABOVE.
(If you are not sure about some things, ask your employer to help you. If you need more space, use item 9, on pages 5 and 6. Remember to write the number of the question that you are answering in item 9.)

**A.** 

| Employer's Name | Employer's Address |
|---|---|
| METROPOLITAN PHARMACY INC | 26380 PLYMOUTH RD<br>REDFORD MI 482392211 |

| Date Work Started | Date Work Ended | Starting Hourly Pay | Current or Ending Pay |
|---|---|---|---|
| 1/10/2009 | 12/24/2009 | 8.00 /HRS | 10.00/HRS |

| Job Title | Number of Hours (on average) Worked | Supervisor's Name | Supervisor's Telephone Number |
|---|---|---|---|
| HELPER | ☐ Per Day  ☒ Per Week | OUSSAMA RAHAL | 313-937-1100 |

Check each block below that is true for this work:

I stopped working within 6 months, or I reduced my work hours and earnings within 6 months, or within 6 months I had to change the type of work I was doing (e.g., You were a plumber and changed to lighter work.) because:

☒ of my medical condition.
☐ special conditions at work related to my medical condition that allowed me to work were removed.
☐ I stopped working or changed the type of work I was doing for other reasons. (Tell us what the other reasons were below.)

_____

_____

_____

**B.** 

| Prior Employer's Name | Employer's Address |
|---|---|
| | |

| Date Work Started | Date Work Ended | Starting Hourly Pay | Current or Ending Pay |
|---|---|---|---|
| | | | |

| Job Title | Number of Hours (on average) Worked | Supervisor's Name | Supervisor's Telephone Number |
|---|---|---|---|
| | ☐ Per Day  ☐ Per Week | | |

Check each block below that is true for this work:

I stopped working within 6 months, or I reduced my work hours and earnings within 6 months, or within 6 months I had to change the type of work I was doing (e.g., You were a plumber and changed to lighter work.) because:

☐ of my medical condition.
☐ special conditions at work related to my medical condition that allowed me to work were removed.
☐ I stopped working or changed the type of work I was doing for other reasons. (Tell us what the other reasons were below.)

_____

_____

Form SSA-821 (03-2001) Formerly SSA-821-F4 & SSA-3945-BK

**2**

8/5

5. SPECIAL WORK CONDITIONS - Continued

Check all of the boxes that are true for you and tell us for which job(s) you received that help and tell us about any other special condition(s) or help that you got on a job.

My job duties were different than other workers' job duties doing the same work because:

☐ I worked fewer hours.　　　　　　　　　　　　　　☒ I got different pay.
☒ I had different duties; fewer or easier duties.　　　☐ I had extra help, extra supervision, or a job coach.
☐ I was given special transportation to and from work.　☐ I got special help getting ready for work.
☒ I was paid for extra rest periods at work or extra time off from work and other workers were not.
☐ Other special help. (Explain below.)

In the space below, tell us for which job(s) you received the special help. If you need more space, use Item 9.

_____

_____

6. OTHER/SPECIAL PAYMENTS - Do (Did) you get any payment(s) from an employer in addition to regular pay? For example, did you get any tips, bonuses, sick or disability pay, vacation pay, meals, room or rent, transportation or use of a car or vehicle, or childcare?

☐ NO   Go to Item 7.
☒ YES  Tell us below what these payments were. If you need more space, use Item 9.

| EMPLOYER | TYPE OF PAYMENT | AMOUNT OR ESTIMATE OF THE DOLLAR VALUE | MONTH & YEAR |
|---|---|---|---|
| METRO PHARMCY | BONUS/OTHER | $ 2,000 | DEC 2009 |
|  |  | $ |  |
|  |  | $ |  |
|  |  | $ |  |
|  |  | $ |  |

7. SPECIAL WORK EXPENSES (IMPAIRMENT-RELATED WORK EXPENSES) - Do (Did) you spend any money of your own earnings for any things or services related to your condition that allowed you to work and for which you did not get paid back?

For example, medicines, bandages, braces, wheelchair, artificial arm or leg, braille equipment, special telephone or computer equipment, modifications to home (wider doorways, roll-in shower, ramps, wheelchair-lift), or modifications to a car (automatic wheelchair-lift), personal assistance (personal care attendant).

☒ NO   Go to Item 8.

☐ YES  Tell us about the bills, or part of the bills, that you paid for things or services related to your medical condition that you needed in order to work. (Upon review, you may be required to provide proof of these expenses.)
　　　　　　　　　　　　or any other organization or person
or other organization or person. (Example: An insurance company might pay all or part of the bill at a later time.)

| A. Contact made: (Check one) | ☐ IN PERSON | ☒ BY MAIL | ☐ BY TELEPHONE |
|---|---|---|---|
| B. Completed by: (Check one) | ☐ CLAIMANT | ☐ SSA REPRESENTATIVE | ☒ OTHER |

**12.**

| C. If "other" show | Address (include ZIP code) 24530 |
|---|---|
| Name: MIKE MASHHOUR | FORD RD DEARBORN HTS, MI 48127 |
| Phone number (include area code) (313) 357-3666 | Relationship FRIEND |

**18.** Interviewer/reviewer check list ("Yes" answers should be developed in accordance with DI 13010ff.  Rationalize "Yes" or "No" answers below except when it is necessary to complete the SSA-831-U3 and SSA-833-U3.  Check all that apply:

A.  Unpaid business expenses (rent, utilities, etc.)    ☐ YES  ☐ NO

B.  Impairment-related work expenses    ☐ YES  ☐ NO

C.  Unpaid help, or business sponsored by an agent    ☐ YES  ☐ NO

D.  Unsuccessful work attempt (CDI- no medical issue - D jurisdiction for a final determination)    ☐ YES  ☐ NO

E.  Unsuccessful work attempt (DO recommendation only - DDSA jurisdiction for a final determination)    ☐ YES  ☐ NO

F.  Substantial gainful activity    ☐ YES  ☐ NO

Note: If work continues and is determined to be substantial gainful activity and no medical issue exists, prepare the appropriate final determination (SSA-831-U3 or SSA-833-U3) rationalizing the work issue.  Keep in mind that preparation of the SSA-831-U3 or the SSA-833-U3 would not be appropriate if there is a possibility of a closed period of disability, a trial work period, or an unsuccessful work attempt.

Rationale:

**14.** Remarks

| **15.** Signature of SSA interviewer or reviewer: | Title | DO code | Date |
|---|---|---|---|

9/7

**6.** Do (did) you make management decisions after your illness or injury?  ☐ Yes  ☒ No
(If "yes," describe the kinds of decisions made, the time spent making them and any changes that have taken place).

**7.** **A.** If you began your business after you were injured or became ill, did you receive any special assistance from an agency or other source in setting up your business?  ☐ Yes  ☒ No

**B.** Does the assistance continue or have special services been supplied?  ☐ Yes  ☒ No
(If "yes" please describe)

**8.** **A.** What is the value of any normal business expense which you do (did) not pay including that which is furnished or paid for by another person or organization (such as free space or utilities)? Why were such items supplied to you for free and by whom were they furnished?  N/A

**B.** Describe any special expenses related to your illness or injury that you paid which are necessary for you to work (for example, attendant care, medical devices, equipment, prostheses, or similar items or services).  N/A

**9.** DESCRIBE ANY ADDITIONAL HELP YOU NEED (NEEDED) IN PERFORMING YOUR USUAL DUTIES BECAUSE OF YOUR ILLNESS OR INJURY.

| A. Number of assistants | B. Time they devoted to helping you | C. What do (did) they do? |
|---|---|---|
| D. Are/were assistants (Check one) ☐ PAID  ☐ UNPAID | E. If paid, how much? | |
| F. Are assistants related to you? (Check one) ☐ YES  ☐ NO | G. Time they devoted to helping you | |

H. Why was additional help needed?

Form SSA-820-F4 (2-1991)  EF (12-2001)          2          If you need more space for any answer, use page 3